UNITED STATES DISTRICT COURT
OF THE COMMONWEALTH OF MASSACHUSETTS
EASTERN OF MASSACHUSETTS

Joseph P. Malizia, Petitioner

Writ of Habeas Corpus
Title 28 USC
Secs. 2241 2244

Warden, FCI, Ft. Devens,
United States Parole Commission,
Hon. John Ashcroft Attorney General of the
United States, or agents thereof, or others so
Situated, Respondents,

MAGISTRATE JUDGE

        COMES NOW, petitioner, Joseph P.Malizia to inquire
into legal questions concerning the parole revocation
hearing held on October 24th 2002 and have this Honorable
Court issue a Writ of Show cause Title 28 USC Secs.2241 -
2244 to have respondents manifest that their actions were
NOT arbitrary and/or capricious. And did not violate due
process of law guaranteed by statute, rules and regulations
of the respondents under the legal auspices of Morrissey v.
Brewer 408 U.S. 471 (1972).


                        I. JURISDICTION


    1. In these contemporaneous, tumultuous times the laws
are subjected to erroneous interpretations, some innocuous
and others quite onerous, which can be subject to legal
challenges.

    In this instant case the United States Parole
Reorganization Act and all subsequent legislations, which
created a dichotomy between two diametrically opposed
Congressional/judicial concepts; rehabilitation [old law
PCRA of 1976] to [new law SRA of 1987 (retribution)]. Under
old law the rehabilitation model was enacted under
Congressional INTENT, which consisted of  "short periods of
incarceration" and "long periods of supervision".  The
judiciary predicated their sentences on that congressional
mandate thereby the sentencing Court, Judge Cooper in 75
C00687 SDNY, sentences your instant petitioner Malizia to
twenty (20) years on February 24th 1981 to such a
rehabilitation concept.  Jurisdiction is conferred by
statute 28 USC 2241(c)(3)-2244.  When an agency violates
their own rules and/or regulations and gives the foundation

of being capricious, arbitrary that violates due process.
Principles of due process require an agency to follow it's
own regulations which have the force of law.  See United
States v. Nixon 94 S.Ct.3090,3101,02, 41 L.Ed.
2d 1039(1974); D'Iorio v. County of Delaware 592 F.2d
681,685n.2(3rd Cir.1978); United States ex rel Accardi v.
Shaughnessy 394 U.S. 260, 74 S. Ct.499,98 L.Ed 681 (1974)
(Writ of habeas corpus will issue where a federal agency
fails to comply with it's own regulations). In parole
matters Morrissey v. Brewer 408 U.S. 471 (1972) allows this
Honorable Court to have jurisdiction in this matter along
with this Honorable Courts' wisdom and discretion.
Petitioner Malizia is being held illegally is custody by
Warden because of illegal acts of the Parole Commission.


## II.FACTS

2.  Initially, on February 24th 1981 the Honorable Irving
Ben Cooper SDNY sentenced petitioner to twenty (20) years
under the concepts of 18 USC Sec. 4205(A); turned over to
the Bureau of Prisons under the auspices of the Attorney
General according to the provisions provided in PCRA of
1976. The judicial/Congressional intent was rehabilitation
this enactment was explicit (plain language) of that intent.
[Short periods of incarcerations with long periods of
supervision].  A question arises, hypothetically, if the
original sentencing Court is aware that petitioner Malizia
serves day for day of the twenty (20) year sentence; is the
sentence still the same?  Petitioner served over 11 years on
the original sentence to Mandatory release, the Parole
Commission in the revocation hearing adds sixty-six (66)
months to the new sentence of forty-eight (48) months.
Petitioner Malizia was arrested for a new criminal offense
21 USC Sec. 843 (b) on Feb. 11th 1999.  After serving
approximately seven (7) years on parole supervision. On
Feb.24th 2002 petitioner Malizia had a parole revocation
hearing. (See Exh.A).   The actions of respondents undermine
the Courts/Congressional intent by their actions.

The Parole Commission states they notified petitioner of the
parole warrant/detainer and lodged that said detainer as of
March 10, 2000, yet no warrant appears until after April
15th 2002. In the interim from the arrest in 1999 until Feb.
2002, petitioner was NOT aware of this important document
nor the ramifications thereof attached. The parole

Commission forfeited all of the "street time" approximately
seven (7) years. There is a one hundred and twenty (120) day
limitation on filing of the detainer/warrant; the delay
between the arrest and actual notification far exceeds the
provisions contained in the rules, regulations of
respondents U.S.Parole Commission [28 CFR Sec.2.2.4 et seq.]
This aspect of forfeiture of the "street time" is extremely
important and the delay is prejudicial. See Exh.A.

In reading this exhibit the facts become clearer.  In
essence petitioner was sentenced to twenty (20) years,
served eleven and half (11 1/2) years, released by mandatory
release; spent close to seven (7) years on supervision with
minimal bad conduct.  These years are equal to being in
custody.  Petitioner admittedly makes an error and is
arrested for new criminal conduct where he is sentenced by
Judge Batts to forty-eight (48) months under Sec.39 PLRA.
Petitioner Malizia was scheduled to be released on August 6,
2002 on this sentence as ascertained by Exh.  , there is no
detainer from anyone. And the respondents attribute the
failure and lateness of such an important document to
petitioner.

### III. LEGAL CLAIMS: INCORRECT APPLICATION OF
### THE GUIDELINES.

    3. (a) Petitioner Malizia claims that according to the
Parole Commissions own rules, guidelines 28 CFR Sec.
2.21(e)(1) which in pertinent part provides: "A parole
violator whose parole is revoked shall be given credit for
all time in federal, state or local confinement on a new
case for purposes of satisfaction of the reparole guidelines
at 2.20 and 2.21.  Similarly, 28 CFR Sec.2.21(c) provides:
"Time served on a new state or federal sentence shall be
counted as time in custody for reparole guideline purposes.
The record reflects that petitioner was arrested on the new
charge February 11, 1999 and as in custody for purposes of
2.47 (e)(1).  As such the guideline range should have not
exceeded the seventy-eighty/One hundred ten (78/110) month
range. In Jones v. United States 526 U.S. 227 (1999);
Appendi v. New Jersey 530 U.S. 466(2000) these cases spoke
to the fact that any fact [or] which is used to increase a
sentence MUST not only be alleged specifically in an
indictment, but also be proved beyond a reasonable doubt
(I.e., drug quantity).  In this instant case there was NEVER
any amount of drugs involved except the initial "kilo"

supplied by the governments cooperating witness. Granted there were other discussions towards other amounts, however, they were only discussions and never came to fruition whatsoever for whatever reasons and therefore under the offense severity rating Subchapter A 901(g) the offense category should have been 4, yielding a guideline range of twenty-four/thirty-four (24/34) months. A problem that · exists here is the degree of "puffing", a term used and recognized by Courts of law whereby cooperating witnesses or any others enhance the degree of drugs involved in order to complete the alleged deal.  The cooperating witnesses have one goal in mind to complete that drug deal.  As indicated previously puffing is a term the Courts, prosecutors are acutely aware of, a psuedo amount to complete drug deals, the United States Parole Commission does not inquire into the nature of such talks and should therefore be concluded from going outside the plea agreement amount which is one (1) kilo of drugs.  Furthermore, the record indicates petitioner pled guilty to using a telephone in relationship to a drug conspiracy, however, petitioner Malizia did NOT plea to, nor was it ever determined by a Court of law, or jury, that the amount of drugs the parole examiner attributed to petitioner was ever in fact used or handled, by facts determined by the reasonable doubt standard.  The parole examiner merely restates amounts alleged in an indictment [that was legally determined to be a different amount altogether] to take petitioner to category 8; one hundred and fifty plus (150+) months. This conclusion is "irrational", unreasonable and an absolute abuse of discretion". Interim v. Nardoza 732 F2d 32, "Reliance on an improper ground(s) of a decision must "vitiate" the Commissions [boards] action; Alessi v. Thomas 620 F. Supp. 589; Kohlmann v. Norton 380 F.Supp.1073,1075. Many Courts will reverse the Commission if it abuses its discretion or acts arbitrarily, capriciously." Masasi v. United States Parole Commission 835 Fd 754,758 (10th Cir. 1987). Marshal v Lansing 839 Fd 933, 941-43 (3rd Cir.)

    (b) The guidelines of one hundred fifty plus (150+) months, severity 8 is not the only error in the guideline calculations. The "forfeiture of street time" close to seven (7) years is a double punishment, granted notice was given, such notice was approximately thirty-nine (39) months late, and we are not talking about days, or weeks but years. To challenge the amount and actions here goes to the core of the increased punishment. The information concerning the amounts of drugs involved would be stale in the period from 2/11/99. The amounts of drugs involved, the motivation by the cooperating witness loses its poignancy in the extra

ordinary delay.  A delay of this magnitude with notification of possible forfeiture of the "street time" is no notification at all. What makes this case unique is that the delays and the actual time given become a virtual "death sentence".  That violation of due process is an on going continuum. There is a defense in this venue, so the prejudice is actual.  And with the proper forum and Constituional guarantees, the answers to this crucial question (the amount of drugs involved) may very well have reached a correct, more favorable conclusion.  The respondents, whether by omission or commission had no intention of supplying the warrant/detainer in a timely fashion. They erroneously second-guessed that there was no defense available in the revocation forum.  The mere fact of guilty pleas is NOT germaine in the amount of drug involved and the basis for the sentences, calculations of the guidelines in that venue.  Petitioner states this knowing manipulation in the filing of the warrant/detainer violates due process and is equal to filing no warrant/detainer at all.  See Rizzo Vanes v. Armstrong 921 Fd 855 9th Cir; Vanes v United States Parole Commission    Fd    9th Cir.  In Morrissey v Brewer Supra, it states that there must be a rudimentary sense of fairness, based upon the sequence of events stated herein there is no compliance with that concept nor due process.  Unfettered discretion has in this instant matter has become ipso facto an abuse of discretion.

The forfeiture of "street time" should only occur from the time of the criminal act not five to six (5 to 6) years "prioi' and the time spent on parole supervision prior to such an action should be considered time spent in custody. See Jones v Cummingham 371 $U S$ 236

It is important to note that under 18 USC Secs 4213(a)(1)(2)(b)(c)1,2,3 (d) and Sec 4214 (2)(C)(D) are relevant in this matter especially 18 USC Sec 4212 (2)(C)(D) and its counterpart 28 CFR Secs 2.20 - 2.53 to manifest the codified rules and regulations that mandate the respondents legal requirements  Petitioner Malizia was arrested on February 11, 1999 for new criminal conduct NO in August 4, 1992.  In the interim between February 11, 1999 and what respondents claim they issued an application warrant/detainer March 10, 2000.

The actual violation occurs May 5, 21002 and the warrant is then issued. In this era of telecommunications, the warrant should have been issued when petitioner Malizia took a guilty plea and was sentenced October 16, 2000. The actual warrant should appear then not approximately thirty-nine (39) months after the arrests. See Exh. $\beta$

(c) In determining the revocation guidelines of one hundred and fifty plus (150+) months changes the sentences petitioner was/is serving, he is sentenced to forty-eight (48) months for the new case, twenty (20) years for the old case in the parole revocation process there is now three different entities that make up what now has become a "death sentence". The forty-eight (48) months becomes a more onerous sentence because of the remaining unexpired sentence becomes active and adds approximately eighty-four (84) months to that sentence. The use of prior sentences to make up the forty-eight (48) month sentence is used again and again it is used to enhance two (2) diverse sentencing panels; a Court of law and the Parole Commission there is somehow a double standard of punishments involved where the outcome is quite onerous. Petitioner does not come here to negate his culpability in either matter but there is a sense of an abuse of discretion that is palatable in this matter. An agency, respondent USPC does not comply with its function of rehabilitation. This was the congressional, statutory and judicial intent the results here are more punitive then the alleged function of the respondents actual function. In this matter where is the short periods of incarceration and long periods of supervision? There appears to be a sense of retribution in the new USPC, when an agency ceases in its primary function it is an abuse of discretion. The taking of 'street time" seems to have gotten popular as the re-habilitation model lost it's popularity and the creeping fingers of retaliation becomes a pattern that can be discerned by an examination of the respondents own records. The rationale here is that once the respondent felt there was no need to follow in it's original; function of the rehabilitation model it extended prisoners sentences thereby violating it's own rules and statutory purpose.

(d) THE ISSUANCE OF THE DETAINER/WARRANT
VIOLATED DUE PROCESS


     The issuance of the parole detainer/warrant is beyond
the scope of the time allowed by statute, which violates due
process and prejudices petitioner beyond rudimentary
fairness. Petitioner Malizia was arrested on 2/11/99.  The
actual physical warrant did not appear until approximately
5/14/2002.  In the interim of serving the forty-eight (48)
month new criminal sentence, petitioner Malizia was
scheduled for release to the community.  See Exh     Somehow
the  respondents US Parole Commission state it's Malizia's
fault for the late filing of said detainer. Respondents'
had/have control and responsiblity of this detainer/warrant.
In accordance with 28 CFR Secs 2.20-2.53.et seq., there is
one hundred twenty (120) day window in which the Commission
has to determine on whether to lodge the detainer/warrant.
In Morrissey v. Brewer 408 U.S. 471  18 US Sec. 4213, 4214
it clearly states that such a provision exists.  The
government/Commission state there is no remedy at law for
their tardiness or apathy. The "plain language" of the
statute, and the Supreme Courts' interpretation of Morrissey
supra there is no ambiguity here yet if there were any such
ambiguity it should be ruled in petitioners' favor under
Rule of Lenity.  The violation of the time limitation
inviscerates due process of law guaranteed by statute and
the Constitution. Such a violation demands the revocation be
tainted, illegal and as such petitioner Malizia be released
forthwith, thus the original "old law" sentence would be
legally finished along with the defunct USPC. The ending of
the sentence has a beneficial effect in dollars and sense.
The Commission and others demand prejudice be manifested.
At the parole revocation hearing petitioner is allowed
witnesses, which can be called evidence subpoenaed under the
Morrisey doctrine and the USPC own rules and regulations.
The parole examiner uses discussions from the cooperating
witness relative to the amounts of drugs involved.  This is
the linchpin of determining the guidelines and the severity
level and as such should be correct.  This information
determines the time spent in prison, the further penalty of
the forfeiture of "street time" which taken collectively
amounts to a " death sentence".  So the prejudice does
exist. The lateness of the warrant manifests the Commission
had no intention to comply with statute, their own rules and
regulations.

(7)

The way the respondents handled this crucial aspect is
proven by a preponderence of evidence standard.  Due process
continues to be violated daily. The Commission and its
agents thereof have the time, manpower and monies to comply
with 28 CFR Secs. 2.20 - 2.53 et seq. yet consciously chose
not to. The respondents' state that they filed a
warrant/detainer in May 2000 yet nothing appears on the
record according to the BOP (Bureau of Prisons) and their
sister agencies there was no warrant your instant petitioner
humbly requests that the Honorable Court please peruse the
correspondence attached in Exh.  And the newspaper clipping
attached that talks about the same issue and there is some
case law on this according to the article. Long v. Gaines
167 F.Supp.2d 75(D.D.C. 1999); Long v. Gaines 173 F.Supp.
35(D.D.C. 2001).  The sequences of events are contained in
the exhibits attached. The drug discussions are conducted by
the co operating witness who has a self-interest in
committing the overt criminal act and will verbally sweeten
the deal which he has no capacity, nor intention of
completing; with numbers, amounts of drugs, monies. The fact
of the matter is that he cannot legally consummate these
fantasies.  The sentencing Judge Batts can separate the
wheat from the chaff, and in the interests of justice is
inclined to do so.  It also complies with the plea
agreement. The cooperating witness is available to testify
in a timely manner and to the accuracy of the drug amounts
used in determining the applicable guidelines, yet is never
called.  In this age of technology his appearance
could have been via telecommunications the importance of a
fair hearing in what turns out to be a death penalty
sentence is paramount in terms of due process. Petitioner
Malizia is 79 years old and has 5 years left on the parole
sentence.  The cooperating witness changes the amounts of
drugs to the governments melody whenever needed to be
allowed to ascertain the correct amount of drugs involved is
a viable defense. To challenge the exact nature of the
statements made by the co-operating witness should be fresh
not lost in the abyss of lateness and possible deceit. The
bottom line is what amount of drugs can be attributed to the
governments' drug conspiracy and the actual motivation of
the discussions. Petitioner is sure there is a lot of
posturing; lying between everyone trying to make a deal the

(8)

crucial determination MUST be made, not just snatched from psuedo amounts and deceit on both sides. The lateness and lost warrant manifest a real " appearance of impropriety". For the above stated reasons due process was/is being violated in the fact that the respondents violated their own rules and regulations. Petitioner should be released forth with and the " street time" reinstated and be allowed to run from the last report approximately 1/99.

> (IV) THERE ARE MITIGATING FACTORS AND
> AND CIRCUMSTANCES THAT GO BEYOND
> THE SCOPE OF A MERE PERUSAL OF THOSE
> FACTS THAT ARE IGNORED.

4. (a) The mitigating circumstances are predicated on the facts stated herein and the aspect that the punishment far exceeds the onerous sentence involved here. This is not a subjective nor trivial mitigating circumstance. But based on objective factors not relied on at the revocation hearing. The amount of time given here "connotes" a death sentence for all intents and purposes. Petitioner does not believe this factor was properly addressed at the revocation hearing. The crimes committed; first 21 USC Sec.812 (A), 841(B)(1) and 21 USC 846{18 USC Sec. 4205(A)} twenty (20) years old law PCRA of 1976; 21 USC sec. 843(b) sec. 3559 forty-eight (48) months together do not call for a death sentence yet the respondents either created factors and/or facts that somehow fell into place creating a death sentence provision. Even in the District Courts mitigating factors can be considered for a downward departure. See 18 USC sec.3553

(b), United States v. Koon 518 US 81,94,95, 135 L.Ed.2d 392,116 S.Ct. 2035 (1996) USSG at 5k2.0; United States v. Broderson 67 F3d 452,458(2D Cir. 1995), (discussing United States v. Rivera 904 F2d 942, ( 1st Cir.(1993) United States v. Karros 257 F3d 102,121(2d Cir.2001). There are factors relevant and mitigating that enter into this instant matter, (i) The advanced age of petitioner Joseph P. Malizia creates the real liklihood of a death sentence, this is not a subjective view, but rather an objective one from statistics printed by Insurance Companies. As a matter of fact in accordance to those statistics petitioner is about (6) years overdo. This aspect was not taken into full consideration(s). The crimes independent of each other or

(9)

together do not require the onerous nature of a death
sentence, yet in essence that is the exact nature of the
sentence of one hundred fifty plus (150+) months in
conjunction with the forfeiture of "street time" close to
seven (7) years. Petitioner Malizia did not upon release
return to criminal activity and only violated the drug laws
prior to his arrest on 2/11/99. Petitioner Malizia is NOT
attempting to shirk his criminal culpability but the
calculations to create the enhanced harsher sentence comes
from dialogue that was scripted by the government to induce
a propsensity to commit such a crime. The informant used
any language, amounts to further his self interest an
arrest of someone else whether specifically petitioner or
not. A legal theory that permeates all aspects of criminal
culpability is that petitioner cannot conspire with a
government agent thereof to commit a crime. Again no attempt
to downplay the crime but the prejudicial aspect is that the
cooperating witness cannot complete such a crime and the
self-interest cannot be ignored. The cooperating witness is
a salesman without any real product except a government
sample to sell because it's the governments property to
begin with and the sales pitch of eight (8) ten (10) kilos
of this or that is a one dimensional conversation. That is
why it is was critical to produce the cooperating witness by
whatever means necessary at the revocation hearing even the
grand jury indictment to ascertain the correct amount of
drugs involved. One kilo was transferred, a plea was taken
to that amount because of the dubious nature and self-
serving interest of the cooperating witness the agreed
amount becomes the legal parameter of the crime.

It should also be the attributable amount of
responsibility at the revocation hearing. Especially, in the
light of the harshness of the sentence, at the sentence by
Hon. Batts the sentence reads forty-eight (48) months
release to death for the above stated rationale, petitioner
should be considered for a downward departure by respondents
or by the very nature of the circumstances sent back to the
Courts of original jurisdiction because the "death sentence"
is a new viable factor. The cruelty or retribution aspects
permeate the whole fabric of respondents and their agents
thereof throughout all aspects of these proceedings from the
alpha to the omega. There is no warrant lodged contrary to
respondents' allegations of such an action. If there was a
warrant/detainer no one was aware of it as indicated by the
release plans investigated by probation and BOP.

$(10)$

Petitioner could have incorrectly assumed that with the time
spent on supervised parole and the service of eleven and
half (11 1/2) years to Mandatory release which would equal
approximately nineteen (19) years plus the forty-eight (48)
months served that the sentence was finished but the
respondents went into the archives to retrieve the old
sentence and make it a new entity creating the possibility
of the death sentence.  The delay in filing the proper
warrant/detainer connotes one thing that in the interim
between the arrest and the filing of the detainer on or
about 4/15/2002 the time was running thereby negating the
old law twenty (20) year sentence.  The only explanation
petitioner gets is that it was his fault the warrant
detainer was not properly lodged. However done not possibly
in a negative manner it created an " aura of impropriety"
where the errors create prejudice petitioner was scheduled
to be released with no warrants then a warrant pops up from
a case that should have been finished for all intents and
purposes by the very nature of what happened.  The aspect of
error looms large and has to be settled in petitioners favor
with this Courts' honor and wisdom.


                    (V)   SUMMATION

     5. (i) Petitioner Malizia claims the guidelines are
incorrectly applied in violation of the respondents' own
rules and regulations.  First of all the guidelines should
have been twenty-four to thirty-six (24/36) months based on
the one (1) kilo amount in the binding plea agreement.
Another aspect that is why petitioner Malizia would take a
plea to one (1) kilo of drugs if he were to understand that
the unspecified amounts would somehow be attributed to him.
When the parole warrant/detainer does not appear petitioner
has no way to prepare for the onerous sentence and
manipulation of said detainer/warrant.

     (ii) The lateness of this detainer/warrant creates
prejudice and destroys a viable defense in challenging the
amounts, and the forfeiture of street time connotes an abuse
of discretion. The ability to defend is always inviserated
by manipulated delay, that go to the core of due process.


                        ( 11 )

(iii) A creation of one system that is less harsher should take precedence being that was the law petitioner was sentenced under.  The rehabilitation model is not being followed where the retribution system harsher sentences prevail.  This is a violation.  Please have the Court take notice that this Writ is written pre-se and under the auspices of Haines v Kerner 404 U.S.  591 there is a lesser legal standard and room for error.

VI  RELIEF REQUESTED

WHEREFORE:  Petitioner Malizia humbly requests the following relief:

(a) Issue a Writ of Habeas Corpus (Show Cause) to have respondents manifest that their actions on 10/24/02 were not arbitrary, capricious and inhumane.  Within twenty (20) days as prescribed by law 28 USC Secs.2241-2244.  As time is of the essence.

(b) Show cause why the forfeiture of "street time" is illegal because the amount of time precedes the actual criminal action by six (6) years.  The forfeiture should only begin with the commencement of the overt criminal action(s).

(c) Grant petitioner release forthwith to some type of supervision until this matter is resolved.

(d) Grant whatever favorable relief that is guaranteed under the statute of the old law.

(e) Grant assignment of counsel under 28 USC Sec.  1915 et seg. under the provisions of a death penalty case which in essence is a reality.  See also 18 USC Secs 3005, 3006(A0,(a),(2),  (B).

(f)  Consider downward departure under Zecevic v United States Parole Commission 163 Fd  731 (2nd cir. 1998)

(g) Grant whatever this Honorable Court deems just and proper based upon the circumstances.

Respectfully,

Joseph P. Malizia Pro Se
Joseph P. Malizia  09-163-054
FCI Ft. Devens
P. O. Box 880
Devens, MA 01432

(12)

AFFIDAVIT OF SERVICE AND VERIFICATION

STATE OF NEW YORK

SS:

COUNTY OF QUEENS

I, David Daloia being duly sworn depose and say that I have served copies of the writ of Habeas Corpus (Show Cause) upon the following:

(1) United States District Court
    Eastern District of Massachuetts
    John Joseph Moakley Cthse. Suite 2300
    1 Courthouse Way
    Boston, MA 02210

(2) United States Attorney Office
    1 Courthouse Way Suite 9200
    Boston, MA 02210

(3) United States Parole Commission
    5550 Friendship Blvd
    Chevy Chase, MD 20815-7201

(4) United States Attorney General's Office
    Department of Justice
    950 Pennsylvania Avenue
    Washington, DC 20530-0001

(5) Warden, FCI
    Ft. Devens
    P.O. Box 880
    Ft. Devens, MA 01432

I have had this typed and mailed for Mr. Malizia

DAVID DALOIA

_David Daloia_

In accordance with 28 U.S.C. § 1746 this was mailed on 12-15-03

**Mr. Joseph Malizia**
**Reg. No. 09163-054**
**FMC Devens**
**42 Patton Road**
**Devens, Massachusetts 01432**

November 29, 2002

Mr. Edward Reilly, Chairman
National Appeals Board
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Dear Chairman Reilly:

Please find enclosed my appeal to my Notice of Action dated
November 6, 2002.

Thank you very much for your kind review. I will wait patiently and
with some anxiety for your decision.

Sincerely,

Joseph Malizia

*Exh. A*

# *IN THE*

# *UNITED STATES PAROLE COMMISSION*

# *NATIONAL PAROLE APPEALS BOARD*

**Mr. Joseph Malizia**
**09163-054**
**Federal Medical Center Devens**

**PETITIONER**

# APPEAL FROM
# NOTICE OF ACTION
# DATED
# NOVEMBER 6, 2002

EXH. A

# *UNITED STATES PAROLE COMMISSION APPEAL*

**Name: MALIZIA, Joseph**
**Reg. No: 09163-054**

## *The Guidelines were Incorrectly Applied in my Case*

## *as to any or all of the Following:*

### *( C ) _____ Time in Custody*

My USPC Notice of Action, dated November 6, 2002, indicated, as of my hearing date, that I had been in custody for only 44 months.

However, although I have been in custody for 44 months on the **new** offense, I have actually been in custody for the 1981 offense, for which I am being violated, for approximately 141 months.

It is respectfully maintained that the previous time served on this sentence should not be overlooked or ignored by the USPC.

Furthermore, I do understand, according to the USPC rules, that I also receive credit, towards parole, on the amount of time served on the new sentence; that is, 44 months.

*Ex ll A*

## *Especially Mitigation Circumstances*

## *Justify a Different Decision*

My sentence began on February 24, 1981, when I was given a 20-year term for a drug violation. I was released via parole on August 3, 1992 after serving over 11 ½ years. I lived crime free until I used poor judgement in early 1999 when approached by a confidential informant for the federal government offering a method to make some money.

Although a warrant was sent to the United States Marshal of the Eastern District of New York on March 10, 2000, I never received a copy of the same or notified of its existence until May 14, 2002.

Indeed, the Bureau of Prisons prepared a Progress Report (enclosed) on May 8, 2002 indicating that that there was no known pending charges or detainers. My release plans were approved by the United States Probation Officer on April 15, 2002. The Probation Officer stated that "Local, statewide, and national record checks on the offender reveals no pending charges". For 39 months I was not aware of the Parole Commission Warrant.

The execution of the parole warrant, and the late notification of the same, has resulted in extreme mental anguish and duress for both my family and myself.

EXH - A

2

Although I accept responsibility for my new offense, I was "enticed" by the confidential informant in order to make some quick money that I needed to subsist as I was in poor health and living only on social security benefits. Admittedly, I used poor judgment but the "opportunity" for making some needed money was presented to me and I acquiesced.

I will never do anything illegal again.

The federal judge gave me a 48 months sentence as it was apparently realized that I had "minor" culpability in this case and that I have advancing age. Although the United States Parole Commission certainly has the authority, under the law, to require me to serve the remainder of my 1981 sentence, I do not believe that the federal judge, in my last case, intended for me to serve more than my 48-month sentence.

EXH. A

### *There are compelling Reasons why*
### *A More Lenient Decision Should be*
### *Rendered on Grounds of Compassion*

I am 78 years of age and have multiple health afflictions. Specifically, I have medical problems related to my prostate gland, hypertension, and chronic back pain. I can only ambulate with the assistance of a cane and I am unable to accept prison work assignments.

I am at an advanced age, above the life expectancy of American males, and may not live until my current projected release date of February 19, 2008, when I will be 84 years of age.

As the result of my new offense, I have already served an additional 48-month sentence and thus have been accountable, according to the sentencing court, for my unfortunate behavior. The court considered my prior conviction, and time served in prison, for drugs when rendering said sentence.

Now, the USPC is adding approximately 66 months to my last sentence by continuing me to expiration on a sentence that I was convicted of in 1981.

I respectfully request that the USPC consider my advanced age, poor health, motivation for the offense, and my desire to live out my few remaining years with my family.

EXH-A

United States  Parole  Commission
550 Friendship  Boulevard
hevy Chase, Maryland   20815-7201

Name: MALIZIA, Joseph                    Institution:   Devens FMC

Register  Number:  09163-054

In the  case of the  above  named  the  following  parole  action  was  ordered:

Revoke parole.  None of the  time  spent  on parole  shall  be credited.  Continue   to  expiration.

FINDINGS  OF FACT:

The  Commission  finds  as a fact  that  you violated  the  condition  of release  as indicated  below:

Charge  No. 1 - Possession  with  Intent  to Distribute  Heroin  and  Using  a Communication  Facility  in
Connection  with  Conspiracy  to Distribute  Cocaine.

Basis:  Your  conviction  in US District  Court  in Souther  District  of New  York  District  for Using  a
Communication  Facility  in Connection  with  Conspiracy  to Distribute  Cocaine  and the  information
contained  in the  DEA  complaint  of 02-08-1999.

REASONS:

Your  parole  violation  behavior  has  been  rated  at Category  Eight  severity  because  it involved
criminal  violations,  specifically  Distribution  and Possession  with  Intent  to Distribute  more  than  10
Kilograms  of Heroin  and  8 Kilograms  of Cocaine.  Your  new  salient  factor  score  is 4.  As of your
hearing  date  of 10-24-2002,  you have  been  in federal  custody  for 4½ months.  Guidelines  established
by the  Commission  indicate  a customary  range  of 150+  months  to be served  before  release.    After
review  of all relevant  factors  and information  presented,  a decision  outside  the  guidelines   at this
consideration   is not found  warranted.

As required  by law,  you have  been  scheduled  for a statutory  interim  hearing  during  October,  2004.

Appeals  Procedure:
The  above  action  is appealable   to the  National   Appeals  Board  under  28 C.F.R.  2.26.

You may  obtain  appeal  forms  from  your caseworker  or supervising   officer  and they  must  be filed  with
the  Commission  within  thirty  days of the  date  this  Notice  was  sent.  Copies  of this  Notice  are sent
to your institution   and to your supervising  officer.  In certain  cases,  copies  may  also be sent  to the
sentencing   court.  You are responsible  for advising  any others,  if you so wish.

See the  attached  sheet  for an explanation   of the  Salient  Factor  Score  and your item  individual    points.

_Posted 11-7-02_                      MISA

Date:  November  6, 2002                EXH. A          Clerk:  ADC

U.S. Probation Office
Eastern District of New York
75 Clinton Street
Room 405
Brooklyn, NY 11201-4201



Copys to inmate
on

ms Lw                    11/13/02

_____
Joseph Malizia                    Exh. A
_____

Date: November 6, 2002                    Clerk: ADC

A - Prior convictions/adjudications    (adult or juvenile) None = 3; One = 2;Two or three = 1;
Four or more = 0

0    B - Prior commitments   of more than 30 days (adult or juvenile) None = 2;One or two = 1;
Three or more = 0

2    C - Age at commencement   of the current offense/prior commitments of more than thirty days
(adult or juvenile) (see table below for an explanation)

1    D - Recent commitment   free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the
community from last such commitment at least three years prior to the commencement
of the current offense = 1; Otherwise   = 0

0    E - Probation/parole/confinement/escape    status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense;
nor committed as a probation, parole, confinement or escape status violator this time =1;
Otherwise   = 0

1    F - Older offenders
If the offender was 41 years or more at the commencement of the current offense
(and the total score from items A-E above is 9 or less) = 1; Otherwise   = 0

4    Total Salient Factor Score (SFS-98) (sum of points for A - F above)

| Points For SFS-98 Item C | | |
|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

EXH. A

Date: November 6, 2002    Clerk: ADC

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ 37 |
| Certified Fee | 230 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.67 |

Sent To
United States Parole Comm

Street, Apt. No.; or PO Box No.
Att Case A-15481
5550 Friendship Blvd

City, State, ZIP+4
Chevy Chase Md 20815

PS Form 3800, January 2001        See Reverse for Instructions

7001 1940 0005 6746 7173

EXH. A

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action on Appeal**

*This is the Appeal*

---

Name: Malizia, Joseph                    Institution:  Devens FMC

Register Number:  09163-054              Date:        December 19, 2002

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS**:

You appeal on the ground that the Commission should have given you credit toward your reparole guideline range of 150+ months not only for the 44 months you spent serving the Southern District of New York sentence which you received for the 1999 cocaine offense (the offense for which your parole has now been revoked), but also for the time you spent in prison prior to your parole in 1992. You are not entitled to this credit. A parolee is only entitled under 28 C.F.R. §2.21 to credit for custody which was imposed to punish the same behavior reflected in those guidelines. The time you spent in prison prior to your parole in 1992 accounted for your criminal behavior prior to that time, and cannot be used as credit toward the punishment you now owe for your 1999 cocaine conspiracy.

You also appeal on the ground that you were not aware of the Commission's detainer, and were preparing for release to the community, when the Commission's warrant was executed. Although it is true that the Commission was not notified of your new sentence and was thereby prevented from giving you notice and a detainer review under 18 U.S.C. §4214, you have not been prejudiced by this procedural omission. You knew that you were on federal parole, and that you were legally accountable to the Commission for the crime you committed, while on parole, in 1999. Moreover, advance notice of the Commission's warrant would not have allowed you to exercise any constitutionally required opportunity to forestall the Commission holding you in custody for a revocation hearing after you finished your new sentence. Your constitutional right to a revocation hearing only began with the execution of the Commission's warrant on August 2, 2002, and you appear to have received all due notice of the charges, and of your rights in the revocation hearing process, following that event. Your claim that such notification was "late" and that you suffered mental anguish and duress when you learned that you were not going to be released to the community on August 2, 2002, is not sufficient to justify relief.

Finally, the Commission is unwilling to grant you a reparole on the basis that you have accepted responsibility for your offense, or on the basis that you are now 78 years of age.   You claim that you were "enticed" by a confidential informant into making a "mistake," but the indictment in your criminal case shows that you were actively involved as a co-conspirator with your brother Ernie Malizia in a plan to import ten kilograms of cocaine into the United States. There was a series of meetings with a government informant over several weeks, which testifies to your personal eagerness to go forward with the deal. Moreover, you committed this crime at age 74, knowing full well that the consequence of getting caught would be a prison term (as well as a parole violation term) which you might not survive. Moreover, even at your present age, you continue to pose a risk to carry on your career in crime.

*Exh. A*

Clerk  TXR

Therefore, the Commission's decision to continue you to the expiration of your parole violator term is both deserved and necessary to prevent more major cocaine deals committed by you.


All decisions by the National Appeals Board on appeal are final.


Cc:



ＥＸＨ.Ａ

December 9, 2002

Joseph Malizia
09163-054
FMC-Devens
42 Patton Road
Devens, Massachusetts  01432

Mr  Edward Reilly, Chairman
National Appeals Board
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

In re: Supplement to Appeals dated: November 29, 2002
       From Notice Of Action, dated: November 6, 2002.

Dear Chairman Reilly,

    Please accept this supplement to my submitted appeal from
the action taken against me on November 6, 2002.
    As presented in partial material in my appeal, I believe
that the examiner overlooked the fact that I must receive credit
for "any" time in-custody towards all calculations relevent to
the guidelines, which, pursuant to 28 CFR §2 47(e)(1), provides:
            "A parole violater whose parole is revoked
            shall be given credit for all-time in federal,
            state, or local confinement on a new case
            for purposes of satisfaction of the reparole
            guidelines at §2 20 and §2 21."

    Similarly, 28 CFR. §2 21(c), provides:
            "Time served on a new state or federal sentence
            shall be counted as time in-custody for reparole
            guideline purposes"

    Whereas, the record reflects that I was arrested on the new
charge() on February 11. 1999, and "-in-custody" for purposes
of §2 47(e)(1) above   Thus, and at worse, my guideline range
should not have exceeded the 78-110 month range

    Secondly, it is respectfully submitted that as a matter of
current-law, under the Supreme Court's teachings in <u>Jones v  United
States</u>. 526 U S. 227(1999), and <u>Apprendi v  New Jersey</u>, 530 U S.
466(2000), which in substance spoke to the fact() that "any" fact[or]
which is used to increase a sentence, must not only be alleged
specifically in an indictment, but also, be proved beyond a reasonable
doubt  (e g  drug quanity)
    Here, petitioner was never near any amount of drug(), beyond
the initial "gram" supplied by the government's cooperating witness.
Granted, there were other discussions towards other amounts, however,

-1-

**EXH. A**

they were only discussions and never came to fruition whatsoever, for whatever reasons, and therefore, under the offense severity rating, subchapter-A, 901(g), the offense catoegory should have been "four, yielding a guideline range of 26-34 months "

Furthermore, as the record reflects, I pled guilty to using a phone in relationship to a drug conspiracy, however, I did not plea, nor was it found by the Court or a jury, that, the amount of drugs the examiner attributed to me which never came to me or anyone, that as a fact beyond reasonable doubt, I ever was in possession of any amount of drug beyond the one-gram above mentioned, being mindful that, this was given to my brother and I by a government informer.(CW)

Whereas, for the parole examiner() to merely restate amounts alleged in an indictment or as presented in a Presentence Report to rest their calculational decision on reached by a preponderance standard of evidence to a charge which I did not plea to, carries not only an absurd result, but also denies me my Due Process rights and protections thereunder.(Fifth Amendment to the United States Constitution).

Wherefore, it is with heavy heart that at such an advanced age in my life, the reduced standard(perponderence) would be utilized towards findings to, and for all practical purposes extinguish my life while imprisoned, when there isn`t any evidence proven that my periphal involvment in a conspiracy utilizing a phone in discussions only with a government cooperating informer would be sufficient as a matter of law, to deprive me of living out my last years with my family who are readily willing to accept me in their home in my depleted state.

In conclusion,

It is once again respectfully submitted to this reviewing body that not only are there errors in calculations towards the amount of additional time recomended that I serve in prison, aswell as, the above legal basis why I do not believe that a judicial review would substantiate such erroneous findings, but also the onerous and suggested result that has been recommended which will more probable than not amount to a death sentence

Respectfully submitted:

_Joseph Malizia_

Joseph Malizia, Petitioner.

EXH A

EXH. A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Edward Reilly, Chairman
National Appeals Board
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

   7002 2030 0003 9374 3807

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7002 2030 0003 9374 3807

7002 2030 0003 9374 3807
7002 2030 0003 9374 3807

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark
Here

Sent To Mr. Edward Reilly, Chairman
Street, Apt. No.; or PO Box No. 5550 Friendship Boulevard
City, State, ZIP+4 Chevy Chase, Md 20815-72

PS Form 3800, June 2002          See Reverse for Instructions

P.02/23



**UNITED STATES PROBATION**
Eastern District of New York

**James M. Fox**
Chief U.S. Probation Officer

**Tony Garoppolo**
Chief Deputy, U.S. Probation Officer

**Andrew S. Bobbs**
**George V. Deerbecker**
**Matthew G. Rowland**
Deputy Chiefs, U.S. Probation Officer

**Reply to:**

Long Island Federal Courthouse
202 Federal Plaza
Central Islip, NY 11722
Tel. No. (631) 712-6300
Fax No. (631) 712-6395

**Branch Offices:**

75 Clinton Street, Room 405
Brooklyn, NY 11201-4201
Tel. No. (347) 534-3400
Fax No. (347) 534-3609

111 Livingston Street
Brooklyn, NY 11201-4201
Tel. No. (347) 534-3600
Fax No. (347) 534-3680

August 2, 2002

Mr. John R. Simpson
Commissioner
Eastern Region
United States Parole Commission
5550 Friendship Boulevard
Suite 420
Chevy Chase, MD 20815

Attention: Lynne Jenkins
          Case Analyst

RE: MALIZIA, Joseph
REG. NO.: 09163-054
**Supplement to Violation Report**

Dear Mr. Simpson:

Please consider this correspondence as a supplement to our letter of November 30, 1999 wherein we notified the Commission that Joseph Malizia was arrested on a new federal criminal charge. In that letter we requested that a warrant be lodged as a detainer on Malizia.

Subsequently, the parolee was sentenced in the Southern District of New York on October 16, 2000 by the Honorable Deborah A. Batts, U.S. District Judge to 48 months imprisonment, one year Supervised Release, and a $100 Special Assessment following his conviction for Using a Communication Facility in Connection with Conspiracy to Distribute Cocaine (21 USC 843(b)), a Class E Felony. As you are aware, Malizia is currently an inmate at FMC Devens, in Massachusetts.

Please find enclosed with this correspondence a copy of the Presentence Report and Judgment.

EXH. B



United States Parole Commission

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

Date: August 14, 2002

Mr. Joseph Malizia
Reg. No. 09163-054
DCDC No.
Devens FMC
P. O. Box 880
Ayer, MA  01432

Dear Mr. Malizia:

This is to inform you that the Commission has found probable cause to believe the you have violated the conditions of your parole and has ordered a hearing to determine whether or not your release should be revoked. The purpose of this hearing will be to make a final determination as to whether or not you violated the conditions of your above-stated release as charged and, if so, whether the violations warrant revocation. If revocation is ordered, the Commission will also determine whether to reparole or to require service of all or any part of your violator term.

The specific charge(s) upon which these finding(s) are based:

Charge No. 1 - Law Violation   - Using a Communication Facility in Connection With Conspiracy to Distribute Cocaine. Conviction

These charges and any additional information will be reviewed at the hearing for possible violations. The evidence relied on is indicated on the warrant application and in the Summary Report of the Preliminary Interview. Other charges as listed on the warrant application/supplement will also be considered at the time of your hearing.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order you not to receive credit toward service of your sentence for that amount of time.

If you are a special parole term violator, or have previously received street time credit for any period served on your special parole term, such time must be forfeited. If you are a D.C. Code violator, except those offenders sentenced under the Federal Youth Corrections Act, all street time credit must be forfeited.

EXH · B

Your transfer to a federal institution has been ordered for the purpose of holding a revocation hearing following your arrival at that institution. No new information has been presented that would warrant your release pending the revocation hearing.

If you would like counsel appointed to represent you at the revocation hearing, please contact your Case Manager to complete a CJA-22 to be submitted to the U.S. District Court.

Enclosed is a packet of the below-listed documents upon which the warrant is based for your use at the revocation hearing. If information exempt from full disclosure has been removed from this packet, you will find a summary of the exempt material included.

    1.    Warrant & Warrant Application dated 3-10-2000.
    2.    Supplemental Warrant Application dated 8-6-2002
    3.    USPO Eric Harmon letter(s) of 11-30-99 and 8-2-02.

Sincerely,

Lynne E. Jenkins
Case Analyst

Enclosures

cc:   Eric Harmon
     U.S. Probation Officer
     Eastern District of New York
     Long Island Federal Courthouse
     202 Federal Plaza
     West Wing Second Floor
     Central Islip, NY 11722

LEJ

EXH .B

AUG-11-2002  10:00          C DEVENS                                    978 796 1053    P.03

WARRANT for return of Prisoner released to supervision or to Special Parole Term

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H-24.)

_____ District of _____ ss:

¥ Received this writ the ____ *AUG* ____, day of ____ *2* ____ ~~16,2002~~, and executed same by arresting the within-named ____ *JOSEPH MALIZIA* ____

_____ this ____ *6* ____ day of ____ *AUG* ____

*AG 2002* ____, at ____ *FMC DEVENS* ____ and committing him to _____

*DAVID L. W..N, WARDEN*
(U.S. Marshal)

By _____ *AUSM*
(Deputy Marshal)

urther executed same by committing him to ____ *FMC DEVENS* ____

_____ on ____ *AUG* ____ ~~18,2002~~, the institution

esignated by the Attorney General, with the copy of the Warrant and warrant application.

*DAVID L. WINN WARDEN*
(U.S. Marshal)

by _____ *AUSM*
(Deputy Marshal)

TE.—The original of this warrant is to be returned to U.S. Parole Comissioner of the parole region where it was issued.

ve received a copy of the warrant application dated _____

Signature _____

Date _____

ubject refuses to sign, Marshal should so indicate.)

*EXH·B*

United States District Court
District of Nevada
Probation Office



**David F. Sanders**
Chief United States Probation Officer
411 Bonneville
Suite 400
Las Vegas, Nevada
89101-6632

Tel: (702) 388-6428
Fax: (702) 388-6731

April 15, 2002

Mark S. Walsh, Case Manager
Federal Medical Center, Devens
Federal Bureau of Prisons
P. O. Box 8800
Ayer, MA 01432

RE: MALIZIA, Joseph
Register No: 09163-054

<u>PRE-RELEASE PLAN APPROVAL</u>

Dear Mr. Walsh:

We have completed our investigation as to the proposed release plan of Joseph Malizia and are willing to accept the case for supervision.

<u>PROPOSED RESIDENCE</u> – Mr. Malizia lists his proposed residence at 2220 Pine Breeze, Apt. #106, Las Vegas, Nevada 89119. On March 28, 2002, the undersigned officer contacted Pat Malizia, the offender's son. Mr. Malizia was very cooperative and forthright during this investigation. He has resided at this one-bedroom residence for approximately two and a half years. In response to my inquiry regarding weapons in the home, Mr. Malizia related that there were no weapons in the home. During this investigation, it was explained to the offender's son what would be expected of the offender upon his release. Mr. Malizia expressed his intent to extend full cooperation and take whatever measures necessary to ensure compliance with the request of the probation office.

Local, statewide, and national record checks on the offender reveals no pending charges. Similar checks on the offender's son were negative for any arrest histories or outstanding warrants.

At this time, our investigation substantiates that Joseph Malizia has significant ties to our community. The pre-release plan as submitted is acceptable. Should you need any additional information or assistance, please don't hesitate to contact me at (702) 388-6412.

Sincerely,

DARLENE CASTELLO
United States Probation Officer

DXC:pm

APPROVED:

KEVIN D. LOWRY, Supervising
U.S. Probation Officer

*Residency was given a clean bill of health a month before the warrant was found (misplace) for 39 months.*

EX11 B

# UNITED STATES DISTRICT COURT

JAMES M. FOX
Chief U.S. Probation Officer

**DEPARTMENT OF PROBATION**

U.S. COURTHOUSE
2 Uniondale Avenue
Uniondale, NY 11553-1258
(516) 485-7140
FAX (516) 486-2715

**MAIN OFFICE**
75 Clinton Street, Room 405
Brooklyn, NY 11201-4201
(718) 254-7335
FAX (718) 254-7339

**Hempstead, New York**

**November 30, 1999**

U.S. COURTHOUSE
300 Rabro Drive
Hauppauge, NY 11788-4226
(516) 582-1105
FAX (516) 232-5756

111 Livingston Street
5th Floor
Brooklyn, NY 11201-4201
(718) 254-7335
FAX (718) 254-7451

RECEIVED
DEC 15 1999
P.M.

50 Clinton Street
Suite 107
Hempstead, NY 11550-4216
(516) 539-0118
FAX (516) 539-0135

Mr. John R. Simpson
Regional Commissioner
U.S. Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, MD 20815

Attention: Sylvia Hall
        Case Analyst

        RE:    **MALIZIA, Joseph**
    REG. NO.:   09163-054

        **REQUEST FOR ISSUANCE OF A**
        **VIOLATOR'S WARRANT TO BE**
        <u>**PLACED AS A DETAINER**</u>

Dear Mr. Simpson:

Reference is made to the above-mentioned individual who was paroled on August 3, 1992, from the Federal Correctional Institution at Forth Worth, Texas, with a maximum expiration date of November 3, 2000.

## I.    <u>BACKGROUND OF OFFENDER</u>

On February 24, 1981, the Honorable Irving Ben Cooper of the Southern District of New York sentenced Malizia to twenty years imprisonment subsequent to his conviction for Conspiracy to Violate Federal Narcotics Laws. Malizia was released on August 3, 1992, to supervision in the Eastern District of New York. The Commission declined to impose any special conditions of Malizia's term of supervision. On October 28, 1993, the Commission issued Malizia an official Letter of Reprimand based on his association with a person having a criminal record. That individual was Matthew Ianiello, Register No. ... 09312-016, a known member of the Genovese Organized Crime Family. On October 28, 1997, following a Termination of Parole Supervision Hearing, Malizia was ordered continued on supervision. Finally, on September 9, 1998, after receiving the Parole Form F-3, the Commission once again continued the offender on Parole.

UNITED STATES PAROLE COMM. ION
<u>FBI NUMBER CORRECTED AS OF MARCH 23, 2000</u>

EXH. B

-2-

supervision.

Joseph Malizia is now being returned back to the Parole Commission because of the following violations of his conditions of release:

## 1.    Distribution and Possession With Intent to Distribute Heroin

On February 11, 1999, Malizia was arrested by Special Agents of the Drug Enforcement Administration (DEA) and charged with violating the narcotics laws of the United States. Copies of the complaint and indictment as filed in the Southern District of New York are attached as exhibits 1 and 2. Specifically, the parolee, along with his brother, Ernest Malizia and others, between January 20, 1999 to February 11, 1999, did distribute and possess with intent to distribute one kilogram or more of heroin, in violation of Title 21 USC 812, 841(a)(1) and 841(b)(1)(A).

The parolee is currently being detained at the Metropolitan Correctional Center in Manhattan.

## II.    SPECIFIC CHARGES

It is requested that a warrant lodged as a detainer be issued by the Commission to include the following specifications:

## 1.    Distribution and Possession With Intent to Distribute Heroin

On February 11, 1999, Malizia was arrested by agents of the DEA and charged with violating the narcotics laws of the United States. Specifically, Possession With Intent to Distribute Heroin, in violation of Title 21 of the United States Code. This according to Sr. USPO Harmon's letter, dated November 30, 1999.

## III.    ADJUSTMENT TO SUPERVISION

The parolee has been on community supervision for over seven years with only one previous incident of violative conduct. That instance involved communication and association with a known organized crime figure who was also a convicted felon. Malizia, age 76, was residing in a senior citizen development and was sustaining himself on social security benefits. It is unfortunate that he has once again chosen to engage in illicit and criminal behavior at this late stage of his life.

Be assured of our cooperation in all matters of mutual concern.

Very truly yours,

James M. Fox
Chief U.S. Probation Officer

Eric D. Harmon
Sr. U.S. Probation Officer

Approved:

ANDREW S. BOBBE
Deputy Chief U.S. Probation Officer

EDH/ASB:rm
Enclosures

Exh. B

*May 9 - 2002*
*Have date to mailout to ME*

# Memorandum

*May 14 - 02*
*I Received it on*

## WARRANT APPLICATION & WARRANT
**Re: Malizia, Joseph**
**Reg. No. 09163-054**

**Date Warrant Issued:**

*I did receive the Warrant on that date*

✚ **March 10, 2000**

To:

U.S. Marshal
Eastern District of New York
172 U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York, 11201

From:

Sylvia B. Hall
Case Analyst
U.S. Parole Commission

---

Enclosed are copies of the Warrant Application and Warrant (in duplicate) issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**The parolee is awaiting trial or sentencing on new charges; place a detainer and assume custody when released.**

After execution of the warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy to the U.S. Probation Officer as soon as practical after taking custody; and (8) advise the Parole Commission that subject is in custody (noting the place of confinement and the date Warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden. Make your return on the other Warrant to the Parole Commission.

**PROBATION OFFICER:** Please keep the Commission advised of all further developments in this case.

If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

cc: Eric D. Harmon
U.S. Probation Officer
Eastern District of New York
50 Clinton Street
Suite 107
, Hempstead, NY 11550

*I totally never receive a Warrant of March 10-2000 Until I receive this Warrant on May 14-02 39 months later I receive this memorandum telling a warrant against me meaning that a due process that I an injustice delays of an Warrant delay of* **Exhibit B**

-2-

Be assured of our cooperation in all matters of mutual concern.

Very truly yours,

JAMES M. FOX
Chief U.S. Probation Officer

ERIC D. HARMON
Sr. U.S. Probation Officer

EDH:dl
Enc.

Approved by: _____
George H. Gonzalez
Supervising U.S. Probation Officer

Exh. B

...TATES PAROLE COMMISSION

| | | | |
|---|---|---|---|
| a Of | Malizia, Joseph | Date | March 10, 2000 |
| Reg. No | 09163-054 | Parole Termination Date | November 5, 2000 |
| FBI No | 4388907 | Violation Date | February 11, 1989 |
| Birth Date | January 20, 1924 | Released | August 3, 1982 |
| Race | White | | |
| Sentence Length | 20 Years | | |
| Original Offense | Conspiracy to Violate Federal Narcotics Laws | | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representation of your choice or, if you are unable to pay for counsel, an attorney will be provided

Joseph Malizia  Reg. No. 09163-054
Warrant Application
Page 1 of 1

TOTAL .P.03

EXH·B

# W A R R A N T

**U.S. Department of Justice**
United States Parole Commission

---

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

WHEREAS, Malizia, Joseph, Reg. No. 09163-054 was sentenced by the United States District Court to serve a sentence of 20 Years for the crime of Conspiracy to Violate Federal Narcotics Laws  and was on August 3, 1992 released on parole from Fort Worth FMC with 3014 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on March 10, 2000.

_____
U.S. Parole Commissioner

ExH.B

September _1_, 2002

Joseph Malizia
09163-054
FCI-Ft. Devens
P.O.Box- 880 x
Devens, Ma. 01432 x

Regional Director
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Md.  20815

Re: Request for Dispositional Review of Detainer.


Dear Director:

    By this submission, I am respectfully requesting that a dispositional-review be held on your current detainer lodged against me, in accordance with §2.47(a)(1) of the Commission's Rules and Procedure.

    I am aware that under such a review, I would be entitled to representation of an attorney in my behalf, and that if I cannot afford one, I may apply to the appropiate court for appointment of said.  However, you may construe this acknowledgement as a preliminary-waiver of such representation, and when the accompanying forms are provided, I shall so state and ascribe such waiver.

    It was my understanding, that upon placement of said detainer, and in accordance with the above stated subsection, that such review would be held within the time frame set forth in said subsection, being 120-days, of notification of placement of said detainer, and since I was officially notified of such, on x ▬▬ MARCh -10, 2000 _____, it readily appears that that time period has passed.

    Wherefore, I respectfully submit that I have atleast an entitlement, if not the right by statute, to such dispositional review, and hereby request such directly, at this time.

    Thank you for your attention and continued courtesies in this matter.


Respectfully submitted:

Joseph Malizia

cc: personal file.

Ex # ·B

September 29, 2002

Joseph Malizia
09163-054
FMC-Devens
P.O.Box-880
Ayers, Ma   01432

U.S. Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland 20815

In re; <u>Request for dispositional-review of your detainer.</u>

Dear Case Analyst:

       I am requesting a dispositional-review of your detainer, consistent with the rules and regulations of the Commission. (see: §2.47 <u>et seq</u>. Consistent with said rules, once receiving your documents for waiver of attorney and so forth, I will waive my right to an attorney and submit my formal information papers towards your review of my request to dispose of said detainer.

       I shall look forward to your earliest response to my request.

Very truly yours:

_Joseph Malizia_
Joseph Malizia.

EXH.B

October 31, 2002


Joseph Malizia
09163-054
FMC-Devens
P.O.Box-0880
Ayers, Ma   01432


United States Parole Commission
Attn:   Case Analyst
5550 Friendship Blvd.
Chevy Chase, Md   20815


Re:   Reuest For Dispositional Review Of Detainer,


Dear Madam/Sir:

    Prior to my recent parole hearing, I sent a letter to this
office requesting dispositional review towards your detainer lodged
against me here.
    At said parole hearing, I inquired of the examiner, as to
what had or had not transpired to such request, which, the examiner
stated that no such request was on file.  Attached, is a copy
of said requesting letter to be placed in my file, and hopefully
acted upon.
    Thank you for your time and courtesies.


Respectfully submitted:

*Joseph Malizia*
Joseph Malizia


ExH.B

*[handwritten notes in top right margin:]* Disk / Neu date of computation / 3-7-2001 / on latest comp sheet / old date 01-24-2001 / 16:53:13 / on my first computation sheet

```
  FTDLM  540*23 *              SENTENCE MONITORING
PAGE 001          *           COMPUTATION DATA
                              AS OF 01-24-2001
```

REGNO..: 09163-054 NAME: MALIZIA, JOSEPH

```
FBI NO...........: 77752KB9            DATE OF BIRTH: 01-07-1924
ARS1.............: FTD/A-DES
UNIT.............: UNIT 2                QUARTERS.....: W01-342L
DETAINERS........: NO                   NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  08-06-2002 VIA GCT REL

------------------CURRENT JUDGMENT/WARRANT NO: 020 --------------------

```
COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: S2 99CR 207-01 DAB
JUDGE...........................: BATTS
DATE SENTENCED/PROBATION IMPOSED: 10-16-2000
DATE COMMITTED..................: 01-19-2001
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $100.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO        AMOUNT:  $00.00
```

-------------------CURRENT OBLIGATION NO: 010 ----------------------
```
OFFENSE CODE....: 391
OFF/CHG: 21:846  NARCOTICS (COCAINE)

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   48 MONTHS
  TERM OF SUPERVISION............:    1 YEARS
  DATE OF OFFENSE................: 02-10-1999
```

*[handwritten notes at bottom of page:]* Scozlla / Did all the information to Dab / P.S. G0002  MORE PAGES TO FOLLOW / And when he received his / computation sheet / Hopeful its the same with / detainer. Just don't mention / his name. / Latest Date of / Computation / March 7-2001 / EXH. C

*[handwritten, top left]* Jisel I have the current one on hand

*[handwritten, top right]* Latest Date 3-7-2001

```
   FTDLM  542*22 *                SENTENCE MONITORING          01-24-2001
PAGE 001 OF 001 *                  GOOD TIME DATA              16:53:13
                                   AS OF  01-24-2001
```
*[handwritten, top right]* old Date

```
REGNO...: 09163-054     NAME: MALIZIA, JOSEPH
ARS 1...: FTD A-DES                              PLRA
COMPUTATION NUMBER..: 020              FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE.: 01-24-2001       FACL..: FTD    CALC: AUTOMATIC
UNIT................: UNIT 2           QUARTERS............: W01-342 L
DATE COMP BEGINS....: 10-16-2000       COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 613              TOTAL INOP TIME.....: 0
CURRENT REL DT......: 12-18-2002 WED   EXPIRES FULL TERM DT: 02-10-2003
PROJ SATISFACT DT...: 08-06-2002 TUE   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:
```

----------------------------GOOD CONDUCT TIME AMOUNTS------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 02-11-1999 | 02-10-2000 | 54 | 54 | | | | |
| 02-11-2000 | 02-10-2001 | 54 | | | | | |
| 02-11-2001 | 02-10-2002 | 54 | | | | | |
| 02-11-2002 | 08-06-2002 | 26 | | | | | |

```
     TOTAL EARNED AMOUNT.........................................:    54
     TOTAL EARNED AND PROJECTED AMOUNT..........................:   188
```

*[handwritten signature]* S. Anderson U'e  1/24/01

G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

*[handwritten]* EXH. 6

*Latest date*
*3-7-2001*

*01-24-2001*
*16:59:07*
*Old date*

```
   FTDLM  540*23 *           SENTENCE MONITORING
PAGE 002 OF 002 *            COMPUTATION DATA
                              AS OF 01-24-2001

REGNO..: 09163-054 NAME: MALIZIA, JOSEPH


-----------------------CURRENT COMPUTATION NO: 020 -----------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-24-2001 AT FTD AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN.........: 10-16-2000
TOTAL TERM IN EFFECT...........:    48 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS

JAIL CREDIT....................:    FROM DATE      THRU DATE
                                    02-11-1999     10-15-2000

TOTAL PRIOR CREDIT TIME.........: 613
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 188
TOTAL GCT AWARDED...............: 54
STATUTORY RELEASE DATE (CURRENT): 12-18-2002
SIX MONTH /10% DATE.............: 04-02-2002
EXPIRATION FULL TERM DATE.......: 02-10-2003


PROJECTED SATISFACTION DATE.....: 08-06-2002
PROJECTED SATISFACTION METHOD...: GCT REL
```

COMPUTED BY: _____ 1/24/01

AUDITED BY: _____ 1-31-01

```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

EXH. 6

# USPC Parole Revocation Policies Violate Due Process

### by David M. Reutter

A federal district court for the District of Columbia has granted injunctive relief to prisoners challenging the United State Parole Commissions (USPC) unconstitutional policies, which unduly delay revocation of parole proceedings.

The USPC assumed the powers, duties, and jurisdiction of the District of Columbia Board of Parole (DCBP) on August 5, 2000, pursuant to the National Capital Revitalization and Self-Government Act of 1997. USPC replaced the parole revocation procedures of DCBP with new parole regulations.

Upon assuming DCBP parole matters, USPC was hit with a backlog of 230 cases waiting in custody for hearings. Immediately, USPC found its resources were "overwhelmed," and operations "reached a state of near collapse." USPC's backlog had increased in October 2000, to 400 arrested parolees who were beyond the constitutional deadline established in *Morrissey v. Brewer*, 92 S.Ct. 2593. In November 2000, USPC released 116 arrested parolees without hearing in an effort to reduce the backlog, but "delays of four months from arrest to final revocation decision continued to be common…with some hearings delayed six months or more."

USPC found itself unable to provide preliminary interviews in a timely manner, unable to determine when warrants were executed, or which parolees were awaiting hearings. Additionally, USPC admitted that documentary evidence needed to make findings as to probable cause, and for revocation of parole was often missing.

In *Morrissey*, the Supreme Court established that despite their limited rights, parolees retain a liberty interest in their freedom. Thus, probable cause decisions must be made "as promptly as convenient after arrest." The Court did not define what "prompt" entails, but USPC interprets it as being three to five days after arrest.

The prisoners challenged USPC's policy of delaying final probable cause determination for more than 21 days after arrest. The District Court cited numerous cases, which are not isolated incidents, of probable cause determinations not occurring until 50 to 176 days after arrest.

USPC's policies also require a final revocation hearing "shall be scheduled to be held no later than sixty days after a final determination of probable cause." This policy comports with *Morrissey's* holding. The prisoners evidenced cases where final determination was not made until from 152 to 326 days after arrest. The U.S. Marshall Service's report to the Court stated that the average time from arrest to revocation hearing is 99 days, and from arrest to final decision averages 156 days.

The District Court held that to comport with the outer limits of due process under *Morrissey*, USPC must provide a final determination of probable cause within 5 days of arrest, a final revocation hearing 60 days thereafter, and a final revocation decision 21 days thereafter. In other words, USPC must complete the process within 86 days of arrest.

The parolees also challenged as violating due process, USPC's regulations denying them the opportunity to review all the evidence against them before having to present their case. USPC's procedures provide for discovery only at the final revocation hearing. *Morrissey* held the "minimum requirements of due process…include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence." The District Court held this language requires disclosure of evidence before a final hearing.

The Court further held that the violations continue to exist, and USPC's solution to the problem, voluntary contributions of unpaid overtime by staff and hopes of increased funding from Congress, is too uncertain. The Court granted the prisoners' Motion for Summary Judgment, and ordered USPC to provide the Court with a plan to correct the violations. See: *Long v. Gaines*, 167 F. Supp. 2d 75 (D.D.C. 2001).

In a separate ruling, the court approved, over the plaintiff's objections, a compliance plan submitted by the defendants. The court held the plan passed constitutional muster. The USPC agreed to implement procedures giving parolees arrested for parole violations a probably cause hearing within five days of arrest; full revocation hearings within 50-65 days of arrest and before the revocation hearing the USPC will give the parolee all evidence it intends to consider at the revocation hearing; and a final determination and notice of action will be given to the parolee within 86 days of arrest.

The court retained jurisdiction over the case and required the USPC to submit monthly progress reports on implementing the changes. See: *Long v. Gaines*, 173 F. Supp.2d 35 (D DC 2001). ■