IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------
JOSEPH P. MALIZIA                :
      Petitioner
                                 :
         v.                      :    Civil Action NO. 03-12618-EFH
WARDEN DAVID WINN                :
      Respondent                 :
------------------------------

## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28, U.S.C. §2241

Respondent David L. Winn, Warden of Federal Medical Center, Devens (FMC Devens), by and through MICHAEL J. SULLIVAN, United States Attorney, District of Massachusetts, and ALLISON D. BURROUGHS, Assistant United States Attorney, hereby moves to dismiss Petitioner's Writ of Habeas corpus Under Title 28, U.S.C., §2241 and §2244 and in support thereof avers as follows:

A.   Relevant Procedural and Factual History

Many of the following facts are drawn from Malizia's petition. Petitioner was sentenced in the Southern District of New York on February 24, 1981 to twenty years imprisonment subsequent to his conviction for Conspiracy to Violate Federal Narcotics Laws. Petitioner served approximately eleven and one-half years of his sentence before being released on supervised release on August 3, 1992. On February 11, 1999, while still

1

under supervision, Petitioner was arrested by Special Agents of the Drug Enforcement Administration (DEA) and charged with violating the narcotics laws of the United States, specifically Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. 812, 841(a)(1) and 841(b)(1)(A). He reached a plea agreement with the government on this charge, and was sentenced to serve 48 months imprisonment.

The United States Parole Commission was notified of Petitioner's arrest on the new charge and a warrant for Petitioner's arrest and detention was issued by the Parole Commission on March 10, 2000. Petitioner claims he was not notified of this detainer until August 2002, shortly before he anticipated being released from FMC Devens after completing his sentence for the 1999 drug offense. On November 7, 2002, the United States Parole Commission revoked Petitioner's parole and ordered that none of the time spent on supervised release was to be credited to the time remaining to be served on the original twenty year sentence. Petitioner appealed this determination to the National Appeals Board, which affirmed the decision of the Commission on December 19, 2003.

On December 30, 2003, Petitioner filed the instant 2241/2244 petition. On January 5, 2004, Petitioner died while incarcerated in the district of Massachusetts. See Exhibit A (Declaration of Ann H. Zgrodnik attesting to Petitioner's death).

B.  Argument

Malizia's petition for relief pursuant to 28 U.S.C. §2241 and §2244 should be dismissed because Petitioner's death renders the relief requested by Petitioner moot. See, e.g., Dove v. United States, 423 U.S. 325 (1976)(dismissing petition for certiorari when the Court was advised that the petitioner had died); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975) (remanding and ordering lower court to dismiss as moot an appeal from district court's order granting prisoner a writ of habeas corpus after petitioner died); United States v. Schumann, 861 F.2d 1234, 1236 (11th Cir. 1988) ("[D]eath rendered moot [defendant's] criminal appeal."); Unites States v. Littlefield, 594 F.2d 682, 683 (8th Cir. 1979) ("The death of a defendant in a criminal case during the pendency of an appeal renders moot the appeal ...").

Petitioner's request for habeas corpus relief goes to solely to his claim that his seven and one-half years of supervised release and his forty-four months incarceration on the 1999 drug offense should be counted toward satisfaction of his original twenty year sentence and thus he should be either released unconditionally or to supervision. That relief can no longer be granted by any court. In some limited circumstances a prisoner's petition for habeas corpus relief may not be moot if collateral consequences still exist after the habeas petitioner is released from the state's custody and a case or controversy remain. See

3

Carafas v. LaVallee, 391 U.S. 234, 237 (1968) (holding prisoner's petition to reverse conviction was not rendered moot by release because of substantial disabilities or burdens imposed on former felons).

Here, Petitioner does not contest his original conviction or the jurisdiction of the Parole Commission to review his status in light of his subsequent conviction on federal drug charges while on supervised release. He seeks only to challenge his continued incarceration after completing his sentence on the 1999 drug conviction. Therefore, even if the court found for Petitioner on the full substance of all his claims and desired to grant him the full relief requested, there would be no change in Petitioner's status. As the court is unable to grant the relief requested, and there is no disability or burden imposed on Petitioner by dismissing the petition for habeas review, the petition must be dismissed as moot due to Petitioner's death.[1]

---

[1] Even if Petitioner's death had not rendered his request for relief moot, this Court would lack jurisdiction over petitioner's collateral attack because habeas corpus relief as provided by 28 U.S.C. §2241 is available for a federal prisoner only where he is challenging the execution of his sentence as contrasted with the imposition of the sentence or the substance underlying the imposition. A federal prisoner who seeks to attack the validity of his sentence or conviction must rely on 28 U.S.C. § 2255 and must file the motion in the court of conviction. See e.g., United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (petition pursuant to 28 U.S.C. § 2255 is proper way to attack the "imposition or illegality of the sentence"); accord Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)"), cert. denied, 452 U.S.

C. <u>Conclusion</u>

Wherefore, because no relief can be granted by this court due to the Petitioner's death, and because this Court lacks jurisdiction to entertain an attack on petitioner's conviction or sentence, the government respectfully requests that Petitioner's Petition for Writ of Habeas Corpus Under Title 28, U.S.C. §2241 and §2244 be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
Assistant U.S. Attorney

Date: 11/22/04

---

920 (1981).

For the most part, even on its face, the instant petition for a writ of habeas corpus is an attack upon the validity of petitioner's sentence. Malizia, arguing that the intent of the law under which he was sentenced was "short periods of incarceration" followed by "long periods of supervision", claims that the decision of the Parole Commission to ignore his time on supervised release violates the intent of Judge Cooper of the Southern District of New York in sentencing Petitioner to twenty years imprisonment in 1981. He further argues that, given his advanced age and poor health, the requirement that he serve the full imposed sentence amounts to a "death penalty" and this factor was not properly considered in determining his sentence. Since the petitioner is, in essence, seeking a reevaluation of the propriety of his original sentence, the only avenue available for him to assert such claims and seek such relief is a section 2255 motion filed in the court of conviction. Accordingly, Malizia's petition would need to be dismissed, even if it were not already rendered moot by his death.

5

## CERTIFICATE OF SERVICE

I, Allison Burroughs, Assistant U.S. Attorney, hereby certify that I have caused the foregoing to be mailed, postage prepaid, to Joseph Malizia (#09163-054), FMC Devens, 42 Patton Road, Devens, MA 01432 on this 22nd day of November, 2004.

ALLISON BURROUGHS
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EXHIBIT A

---------------------------------x
JOSEPH P. MALIZIA,                :
                                  :
            Petitioner,           :
                                  :
     v.                           :   Civil Action No. 03-12618
                                  :
WARDEN, FCI FORT DEVENS, et. al.  :
                                  :
            Respondent.           :
---------------------------------x

## DECLARATION OF ANN H. ZGRODNIK

I, Ann Zgrodnik, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately February 10, 2002.

2. As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3. On November 18, 2004, I ran a SENTRY search to determine the status of Joseph Malizia, Reg. No. 09163-054, and whether Petitioner is still in the custody of the Bureau of Prisons. Review of his Public Information Data Sheet reveals that Petitioner died on January 5, 2004. Records further indicate that he was incarcerated at FMC Devens at the time of his death. A true and accurate copy of the Public Information Inmate Data sheet for Petitioner Joseph Malizia is attached as Document A.

4. Attached hereto please find true and correct copies of the following documents:

   A. Public Information Data for inmate Joseph Malizia, Reg. No. 09163-054.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 18th day of November, 2004.

Ann H. Zgrodnik
Attorney Advisor
Consolidated Legal Center - Devens